## NEILSON v. MATTOCKS ET AL.

PRACTICE ON APPEAL: CONFLICTING EVIDENCE TO SUPPORT VERDICT.

*Appeal from Woodbury Circuit Court.*

MONDAY, MARCH 7, 1887.

THE plaintiff's action is in the nature of a suit upon an account for work and labor. The defendants are husband and wife, and they filed separate answers. Joseph Mattocks admitted by his answer that the plaintiff had performed work and labor for him, but denied that he was indebted to him therefor. He also set up a counter-claim, in which he demanded damages by reason of the plaintiff having injured and maltreated certain live stock of the defendant while in his employ. The defendant Prudence Mattocks in her answer, denied each and every averment of the petition. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendants appeal.

*Lawrence & Burd*, for appellants.

*Cooper & Lynn*, for appellee.

ROTHROCK, J.—There were three questions of fact between the parties. The first was, whether anything was due the plaintiff for his labor; *second*, whether the defendants were jointly liable to the plaintiff, and, *third*, whether the plaintiff was liable on the counter-claim. All of these questions were determined in favor of the plaintiff. The only question to be determined by the appeal is whether there was sufficient evidence to sustain the verdict. The plaintiff is a foreigner, and we infer from an examination of his evidence that he has a very imperfect knowledge of our language. It is true, as claimed by appellant's counsel, that his testimony was somewhat inconsistent. But taking it all together it fairly supports the verdict, both as to the amount claimed and as to the joint liability of the defendants. It is true, the defendants in their testimony contradict the plaintiff. It was a question for the jury to determine which side was in the right, and it is well known that in such cases this court does not interfere with verdicts. The evidence upon the counter-claim was very much in conflict, and of course, that part of the judgment must stand. Considering the whole case, we think that it should be

AFFIRMED.